IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| L. SHAY KERNS-BARR, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 09-2420 |
| WAL-MART STORES EAST. L.P., et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                                       January 21, 2010

"Defendants' Motion to Transfer Venue" (docket no. 5) is granted, 28 U.S.C. § 1404(a).[1] This action will be transferred to the Middle District of Pennsylvania.

On May 6, 2009, plaintiffs L. Shay Kerns- Barr and James Barr filed this personal injury action in the Court of Common Pleas of Philadelphia County. On May 27, 2009, defendants removed the action to this court based on diversity of citizenship. According to the complaint, on July 11, 2007, plaintiff L. Shay Kerns-Barr was injured when she tripped on a rug at Wal-Mart Store # 1945. Complaint, 5. Defendants move for transfer of venue to the Middle District of Pennsylvania. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1404(a).

According to the complaint, plaintiffs reside in Mainesburg, Pennsylvania. Complaint, 1. Wal-Mart Store # 1945 is located in Mansfield, Pennsylvania. Plaintiff's medical treatment was provided in and around Mainesburg. Defendant's fact witnesses are still employed at the Mansfield store. With the exception of plaintiffs' liability expert, all of the witnesses are located in the Mainesburg-Mansfield area. Mainesburg and Mansfield are located within the Middle

---

[1] Pertinently, the statute states: "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

District of Pennsylvania. Defendants' Motion, 11, 12, 14; Plaintiffs' reply, 19.

*Forum non conveniens* analysis is a two-step process. First, does an adequate alternative forum exist? Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991). This requirement is satisfied if defendant can be served in another jurisdiction. Id. Here, defendant can be served in the Middle District of Pennsylvania because the incident occurred there and the cause of action arose in Tioga County. 28 U.S.C. § 1391(a)(2). Second, where there is an alternative forum, transfer hinges on the balancing of private and public interest factors. Lacey, 932 F.2d at 180. Plaintiffs' choice of forum should be given "considerable deference," Piper Aircraft Co v. Reyno, 454 U.S. 235, 241 (1981), unless, as here, plaintiffs are not forum residents and the events giving rise to the action did not occur there. Id. at 255-56; Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 2005 WL 639728, at *3 (E.D. Pa., Mar. 17, 2005)

As to other private factors - ease of access to sources of proof, availability of compulsory process, and other consideration conducive to an "easy, expeditious and inexpensive trial," Lacey, 932 F.2d at 180 - all of these weigh on the side of transfer. Public interest factors - such as "the local interest in having localized controversies decided at home," and the "unfairness of burdening citizens in an unrelated forum with jury duty," id. - do as well.

Accordingly, a transfer will be ordered.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.